**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

FILED
AUG 03 2011
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ___ DEPUTY

**1) MADAME HABYARIMANA, in her own capacity an don behalf of the estate of the deceased President of Rwanda, JUVENAL HABYARIMANA;**

**2) MADAME NTARYAMIRA; in her own capacity and on behalf of the estate of the deceased President of Burundi, CYPRIEN NTARYAMIRA;**

**Plaintiffs,**

**v.**

**Case No. CIV-10-437-W**

**1) PAUL KAGAME, President of the Republic of Rwanda**

**Defendant.**

**ORDER**

Before the Court is the plaintiffs' Motion for Leave to File First Amended Complaint (docket entry no. 42). Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) ... 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The defendant, Paul Kagame, President of the Republic of Rwanda, filed a Rule 12(b) motion well over 21 days ago. Therefore, under Rule 15, the plaintiffs are required to obtain leave before filing an amended complaint. While the plaintiffs' motion acknowledges this fact, for reasons left unexplained, they filed their Amended Complaint (docket entry no. 43) simultaneously with their motion for leave.

Although Rule 15 states that leave to amend should be freely given when justice so requires, such a determination presupposes that the defendant has been afforded an opportunity to respond. Having determined that the plaintiffs failed to effectuate service

of the original complaint, however, the Court lacks subject matter jurisdiction over President Kagame, and there is no reason to await his response to the plaintiffs' motion.

As it appears that the amendments to the plaintiffs' complaint are intended merely to conform the complaint to the Court's order entered June 23, 2011, the Court finds that leave to amend should be granted, and that the prematurely-filed complaint should be deemed to have been filed with leave of Court.

Incorporated into the plaintiffs' motion for leave to amend are a number of recitations that appear to distort the record. In paragraph 4, the plaintiffs allege that the Clerk of Court entered a default judgment against President Kagame on February 11, 2011. This is incorrect. What entered February 11, 2011, was the Clerk's Entry of Default which does not constitute a judgment, but is rather a precursor to entry of a default judgment under Rule 55. In paragraph 5, the plaintiffs note that the defendant filed a number of motions, including the motion to dismiss for lack of subject matter jurisdiction and a motion to strike the Clerk's Entry of Default. The plaintiffs suggest that the Court granted only the defendant's motion to amend the caption and dismiss other defendants. Again, this is incorrect, as the Court also vacated the Clerk's Entry of Default and denied the plaintiffs' motion for default judgment. In paragraph 7, the plaintiffs set forth several allegations regarding service of the original complaint that are wholly immaterial to the motion to amend. Finally, in paragraphs 8 and 9, the plaintiffs make assertions with regard to the validity of their chosen method of service of the (prematurely filed) amended complaint that are, at best, premature. The plaintiffs appear to ask the Court to issue an advisory ruling either blessing their method of service or declaring it to be ineffective. As discussed in this Court's order entered September 8, 2010, and reiterated in the June 23rd order, the Tenth Circuit Court of Appeals has held that "[p]rior to the filing of a motion for default judgment, the court may not *sua sponte* consider defects in personal jurisdiction on behalf of parties who may choose to waive the

defects or subject themselves to the court's jurisdiction in any event." Williams v. Life Sav. and Loan, 802 F.2d 1200, 1203 (10th Cir. 1986). This Court is, thus, prohibited from inquiring into whether delivery of the complaint to President Kagame's counsel constitutes an effectuation of service upon the defendant.

Accordingly, the Court

(1) GRANTS the plaintiffs leave to file their amended complaint;

(2) DEEMS the prematurely-filed amended complaint as having been filed with leave; and

(3) DENIES all other relief.

ENTERED this 3rd day of August, 2011.

**LEE R. WEST**
**UNITED STATES DISTRICT JUDGE**