## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **1) MADAME HABYARIMANA;** ) | |
| ) | |
| in her own capacity and on behalf of the estate of ) | |
| the deceased President of Rwanda, ) | |
| JUVÉNAL HABYARIMANA; ) | **NO. CIV-10-437-W** |
| ) | |
| **2) MADAME NTARYAMIRA;** ) | |
| in her on capacity and on behalf of the estate of ) | |
| the deceased President of Burundi, ) | |
| CYPRIEN NTARYAMIRA ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| **vs.** ) | |
| ) | |
| 1) **PAUL KAGAME**, President of the Republic ) | |
| of Rwanda, ) | |
| ) | |
| *Defendant.* ) | |

Respectfully submitted:

*s/ John P. Zelbst*
John P. Zelbst, OBA # 9991
Zelbst, Holmes & Butler
P.O. Box 365
Lawton, OK 73502-0365
Tel: (580) 248-4844
Fax: (580) 248-6916
zelbst@zelbst.com
Attorney for Plaintiffs

Prof. Peter Erlinder
*(Pro Hac Vice* Pending)
Director, International Humanitarian
Law Institute
Wm. Mitchell College of Law
875 Summit Ave.

St. Paul, MN 55105
651-290-6384
Email: peter.erlinder@wmitchell.edu

Kurt P. Kerns, KS Bar #15028
*(Pro Hac Vice* Pending)
Ariagno, Kerns, Mank and White,
L.L.C.
328 N. Main
Wichita, KS 67202
316-265-5511
kurtpkerns@aol.com

## CERTIFICATE OF MAILING

I hereby certify that on September 12, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a notice of electronic filing to the following ECF registrants:

Judson O. Littleton                    Email:  Judson.o.littleton@usdoj.gov
TX Bar No. 24065635
Trial Attorney – US Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20001
Counsel for the United States

W.A. Drew Edmondson                    Email: dedmondson@gablelaw.com
Gablegotwals
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK 73102-7101

Michael S. Cryan                       Email: cryan.michael@arentfox.com
Robert C. O'Brien                      Email: obrien.robert@arentfox.com
Pierre-Richard Prosper                 Email: prosper.pierre@arentfox.com
Roy Z. Silva                           Email: silva.roy@arentfox.com
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
Attorneys for Defendant

*s/John P. Zelbst*
**JOHN P. ZELBST**

## OBJECTION TO: *SUGGESTION OF IMMUNITY,*
## AS CONTRAVENING SUPREME COURT HOLDINGS IN
## *SAMANTAR V. YOUSUF* AND *CLINTON V. JONES*

### Procedural Background

There is no dispute that, on May 1, 2010, Defendant Kagame was in the auditorium building of an Oklahoma university to deliver a speech in a private capacity, not on behalf of the Republic of Rwanda.

On June 23, 2011, this Court ruled Plaintiffs failed to serve Defendant under FRCP Rule 4(e)(1) which references Oklahoma Statutes but, the Court made no findings under FRCP Rule 4(e)(2)(A), which does not.[1]

On August 29, 2011, the U.S. State Department filed Suggestion *of Immunity* on behalf of Defendant Kagame for unofficial acts committed before Defendant Kagame became head of state,[2] which is beyond the immunity from suit available to U.S. heads-of-state. *See, Clinton v. Jones,* 520 U.S. 681 (1997).   The Court Ordered this response.

---

[1] The Court found that a person over 18 years of age, and an employee of the federal government, personally delivered the Summons and Complaint into the hands of members of Mr. Kagame's staff when they were personally in the vicinity of Defendant in a waiting room, outside the auditorium, which supports service of process under Rule 4(c) and 4(e)(2)(A), as a matter of law. *Doe v. Qi,* 349 F.Supp.2d 1258 (N.D.Cal. 2004) and *Jane Doe I v. Karadzic,* 1996 WL 194298 (S.D.N.Y. 1996). In addition, (a) Rwanda first requested immunity for Defendant Kagame by letter in May 2010 (see *Motion for Reconsideration Under Rule 4(e)(2)(A))* and, (b) the Complaint filed in this case was used to criminally prosecute counsel for Plaintiffs in Rwanda (see Josh Kron and Jeffrey Gettleman, *American Lawyer for Opposition Figure is Arrested in Rwanda,* N.Y. TIMES, May 29, 2010 at A9 and *June 23, 2011 Order*), both of which are evidence that Defendant Kagame had notice required under Rule 4(e)(2)(A). A Motion for Reconsideration is pending.

[2] Intentional torts, alleged to have been committed by Defendant Kagame *before* he became "head of state" are described in detail in the Complaint.  Documents referenced

1

**Introduction**

In *Samantar v. Yousuf*, 130 S.Ct. 2278 (2010), the Supreme Court held that FSIA statutory *foreign-state* "sovereign immunity" did not extend to individual officials, including a head of state like Mr. Kagame:

> The question we face in this case is whether an individual sued for conduct *undertaken in his official capacity* is a "foreign state" within the meaning of the Act. (Emphasis added) *Samantar*, 130 S.Ct. at 2286.

The Court agreed with the United States that individual officials were never *foreign states*, as defined by Congress under FISA:

> The text […] supports the view of respondents and the United States that the Act does not address an official's claim to immunity. *Id.* at 2289.

Regarding the immunity of an individual:

> Whether petitioner may be entitled to immunity under the common law, and whether he may have other valid defenses to the grave charges against him, are matters to be addressed in the first instance by the District Court on remand. *Id.* at 2293.

---

in the Complaint can be found at: www.rwandadocumentsproject.net: (A) French Judge Bruguière's 2006 criminal indictment against the Defendant for the 1994 assassination of two Presidents, war-crimes, genocide, crimes against humanity; etc.; (B) 2006 *Affidavit of ICTR Prosecutor Michael Hourigan* regarding the 1994 Presidential Assassinations by Defendant Kagame; (C) Spanish Judge Abreu 2008 180 page criminal indictment of the Defendant Kagame for the 1994 Presidential assassinations, murder of Spanish citizens, murder of 320,000 Rwandans, genocide, etc.; (D) 2009 *Commonwealth Human Rights Initiative Report on Rwanda* describing intentional torts committed by Defendant Kagame before becoming head of state; (E) October 1, 2010, 600 page *UN High Commission for Human Rights "Mapping Report"* regarding the 1993-2003 RPF-Rwandan government genocide, war-crimes, and crimes-against-humanity resulting in 6 million deaths; (F) *UN Security Council Reports on Resource Theft in the Congo, 2001, 2002, 2003,* and *2008,* all of which document wrongful acts before Defendant became head of state, as did the Complaint in *Clinton v. Jones,* 520 U.S. 681 (1997).

Applying the June 1, 2010 holding in *Samantar*, State Department Legal Adviser Mr.

Koh may not assert *statutory* FSIA immunity on behalf of Mr. Kagame, but may assert

only common-law immunity available for acts *within the individual's official capacity*:

> Under the "restrictive" theory of sovereign immunity, "immunity is
> confined to suits involving the foreign sovereign's official acts." *Samantar*,
> 130 S.Ct. at 2285.

The Supreme Court has held individual-official, head of state immunity does not shield

the U.S. head of state from civil liability for tortious acts, committed before becoming

head of state in *Clinton v. Jones* 520 U.S. 681, 117 S.Ct. 1636 (1997). Thus, Legal

Adviser Mr. Koh's *Suggestion of Immunity* forces the question: (a) whether "federal

common-law individual-official immunity" in U.S. courts is actually broader for *foreign*

heads of state than for U.S. heads of state under *Clinton v. Jones* after *Samantar*; and, (b)

if such immunity is *not* broader for *foreign* heads of state, whether Supreme Court legal

precedent matters because a State Department "suggestion of individual immunity from

federal judicial process" is beyond judicial review of any sort?[4]

## OBJECTIONS

### I. After *Clinton* and *Samantar,* an Executive Branch *Suggestion of Immunity* Is Subject to Common Law Individual *Caveat(s)*, Requiring Judicial Review

The Executive Branch *may* make a "suggestion of immunity" to the courts with

respect to a foreign head of state and need not exercise its discretion to do so in every

---

[4] *Suggestion of Immunity* ¶¶ 3-7. Whether "head of state immunity" is beyond judicial
review seems to have been put to rest by *Clinton v. Jones,* 520 U.S. 681, 117 S.Ct. 1636
(1997), which reviewed and established the scope head of state-immunity, and *Samantar
v. Yousuf,* 130 S.Ct. 2278 (2010), which requires the District Court to engage in an
examination of the applicability and scope of common law individual immunity, *ab
initio.*

instance (*Suggestion*, fn. 3).  There is no dispute that the Courts must give great deference to the Executive in matters of foreign affairs and foreign policy, as the proponents of the *Suggestion of Immunity* demonstrate.[5]  Foreign policy certainly is the province of the Executive Branch, to which the Judicial Branch owes proper deference in designating Defendant Kagame as individual currently entitled to "head of state immunity."

However, the application and scope of "head of state immunity" within the federal courts is a matter for the courts as was forcefully demonstrated by a unanimous Supreme Court in *Clinton v. Jones* and reinforced in *Samantar v. Yousuf.* Eliminating *all* judicial review for suggestions of head of state-immunity would contradict the entire thrust of FSIA.[6]

### "Suggestion of in Rem Immunity without Review" Cases are Inapposite to the "Caveat(s)" Applicable ONLY to Individual Immunity Questions

In *Samantar*, the Court noted that most of the common-law cases, cited by proponents of the "*Suggestion of Immunity without judicial review,*" were pre-FSIA *in rem* property cases.[7]  Between 1952 and 1976, of 110 State Department immunity decisions, only four related to individual-official immunity and two of the four related to head of state immunity.[8] Further, the Court noted that post-FSIA "immunity of an

---

[5] *Suggestion of Immunity* ¶¶ 3-7,

[6] *Clinton v. Jones* would seem to answer whether judicial review of the basis for head of state immunity on a particular set of facts is *apropos*.

[7] *Samantar,* 130 S.Ct. 2278 at 2285, citing *Heaney v. Government of Spain,* 445 F.2d 501 (C.A.2 1971) as one of the few exceptions.

[8] *Samantar*, n.18, 130 S.Ct. at 2291, citing Sovereign Immunity Decisions of the Department of State, May 1952 to Jan. 1977 (M. Sandler, D. Vagts, & B. Ristau eds.) in *Digest of U.S. Practice in Int'l Law,* 1020, 1080 (1977).

individual is subject to a caveat not applicable to other entities or persons to which a state's immunity extends." *Samantar* at 2290, citing *Permanent Mission of India to the United Nations, v. City of New York, 551* U.S. at 200, 127 S.Ct. at 2357 (2007).

The *in rem* cases are inapposite, insofar as the applicability and scope of *individual* immunity is concerned.[9]   After *Samantar,* individual official head of state-immunity limits can only be decided by the District Court *after* a suggestion of immunity has made the scope of individual head of state-immunity a live issue, on the facts before the Court.[10]   After *Samantar,* the common law two-step process may still look to a "suggestion of immunity" from the State Department. [11]   But, after *Clinton v. Jones* and *Samantar, when a U.S. head of state could not claim immunity for the same cause of action in U.S. courts,* it would seem to be a question of law or a mixed question of law and fact, whether the Executive Branch may make an unreviewable suggestion for a *foreign* head of state. Moreover, *Clinton v. Jones* is the only post-FSIA Supreme Court case describing the scope of head of state-immunity from which the lower courts might draw.[12]

---

[9] *Suggestion of Immunity* ¶¶ 3-7.

[10] Whether individual-official immunity, asserted on behalf of Defendant by the State Department in a *Suggestion of Immunity,* applies to the facts in this case also requires judicial review as to the scope of the individual-official immunity asserted. *Samantar v. Yousuf,* 130 S.Ct. at 2289-2290.   On remand, the U.S. State Department advised that Defendant Samantar was not immune from suit.   Statement of Interest of the United States of America, *Yousuf v. Samantar,* No. 1:04-CV-1360, (February 14, 2011).

[11] There is no dispute that issue of immunity may also be raised by Defendant, without State Department suggestion, as occurred in *Samantar.*

[12] *Permanent Mission of India to the United Nations, v. City of New York,* 551 U.S. 193, 200, 127 S.Ct. 2352, 2356-2357 (2007):

### *Congressional Reaction to "Political Considerations" Deciding Immunity Issues in the Legal Process:* FSIA *Legislation and the Courts*

According to the Court in *Samantar,* Congress enacted FSIA because of contradictory *Suggestions of Immunity* by the State Department, based on political considerations, rather than the legal merits of the claim of immunity:

> ....political considerations sometimes led the Department [of State] to file 'suggestions of immunity in cases where immunity would not have been available under the restrictive theory.' (citation omitted) *Samantar,* 130 S.Ct. 2278 at 2285.

Given the public record of mass intentional torts committed by Defendant Kagame before becoming head of state as alleged in the Complaint and supported by indictments from France and Spain, this *Suggestion of Immunity* would seem to fit the pattern that concerned Congress and the Court, described above.[13]

The beginning of the trial of Defendant Kagame's would-be political opponent in the August 2010 Rwandan Presidential elections, Madame Victoire Ingabire, on "terrorism" and "genocide ideology" charges the same week the State Department has

---

Our reading of the text is supported by two well-recognized and related purposes of the FSIA: adoption of the restrictive view of sovereign immunity and codification of international law at the time of the FSIA's enactment.... "the immunity of the sovereign is recognized with regard to sovereign or public acts *(jure imperii)* of a state, but not with respect to private acts *(jure gestionis)*." In enacting the FSIA, Congress intended to codify the restrictive theory's limitation of immunity to sovereign acts. (Citations omitted)

[13] *See* indictments and other documents, note 2, *infra.*

requested unlimited immunity for Mr. Kagame[14] raises too many ironies to catalogue, except to note the wisdom of Congress removing the "immunity" decisions in the federal courts from the "politics" of the State Department in the vast majority of cases, by enacting FSIA.   These political contradictions become obvious in this case when considering, when Defendant Kagame was elected with 93% of the vote in August 2010, the White House National Security Council announced:

> "We remain concerned about a series of disturbing events prior to the election including the suspension of two newspapers, the expulsion of a human rights activists, the barring of two opposition parties from taking part in the election, and the arrest of journalists…[S]tability and prosperity will be difficult to sustain without broad political debate and open political participation…*Democracy is about more than holding elections…*" (Emphasis added)[15]

Apparently, State Department qualifications for individual-official, head of state immunity do *not* include: (a) taking power in elections that are free and fair, according to the White House; (b) refraining from invading one's neighbors and stealing more than $250 million a year in natural resources and causing the deaths of 6-million people, according to the UN; (c) and refraining from prosecuting political opponents and their U.S. lawyers when it suits an individual official.  All of which is subject to change…..at any time.[16]

---

[14] Josh Kron, *Rwanda Lays Out Charges Against Ex-Presidential Hopeful*, N.Y.TIMES, September 10, 2011 at A-3.
[15] Statement on the National Elections in Rwanda, The White House, August 13, 2010 http://www.whitehouse.gov/the-press-office/2010/08/13/statement-national-elections-rwanda.
[16] *Suggestion of Immunity* ¶¶ 3-7.

## II. *Clinton v. Jones* Prohibits the Lower Federal Courts from Accepting a "Suggestion of Head-of-State Immunity" for Intentional Torts Committed *Before* Individual Was Head-of-State

After *Samantar*, an individual may not look to FSIA for statutory immunity, but must rely solely on common law individual-official immunity principles. *Samantar*, 130 S.Ct. at 2292-2293. As a matter of law, when civil liability is based on allegations of intentional torts committed *before an individual official became head of state*, the Supreme Court rejected the availability of immunity. In *Clinton v. Jones*, Justice Stevens wrote:

> [But] we have never suggested that the President, *or any other official*, has an immunity that extends beyond the scope of any action taken in an official capacity....As our opinions have made clear, immunities are grounded in "the nature of the function performed, not the identity of the actor who performed it." (Citations omitted, Emphasis added) *Clinton v. Jones*, 520 U.S. 681, 694-695, 117 S.Ct. 1636, 1644 (1997)

In *Clinton v. Jones*, the Supreme Court held that head of state-immunity does not shield a sitting U.S. President from answering in U.S. federal courts for intentional torts, allegedly committed *before* becoming head of state. Applying this holding, the Legal Adviser would seem to be foreclosed from invoking such immunity to shield a sitting Rwandan President in the U.S. federal courts.

The question before this Court is straightforward, either the *Clinton v. Jones* applies equally to *all* heads of state in U.S. courts, or *foreign* head of state-immunity is broader than U.S. Presidents can claim, and applies to private acts committed even before the foreign head of state assumed office, despite long-standing "restrictive immunity"

principles that would apply only to official acts.[17]   There is no indication in *Samantar*, or

any of the cases cited by proponents of the *Suggestion of Immunity,* that common law

"individual-official immunity" extends to an official NOT acting on behalf of a state, as

asserted here.

### III. An Unreviewable "Suggestion of *Foreign* Head-of-State-Immunity," Exceeding Head-of-State Immunity Recognized in U.S. Courts By the Supreme Court in *Clinton v. Jones,* Violates the Separation of Powers

The letter from the State Department informs the Justice Department and the Court

that Mr. Kagame is a sitting President, and that Defendant Kagame has head of state-

immunity in U.S. Courts.  With this portion of the notice, counsel for Plaintiffs can have

no dispute since the State Department foreign policy decision regarding who is head of

state, and which head of state the Executive Branch would prefer to benefit from such

immunity is certainly a foreign policy decision.

However, if the *foreign* head of state-immunity standard is to differ from the

*domestic* head of state-immunity standard, as the *Suggestion of Immunity* would require,

this Court is to: (a) grant a level of immunity from suit that cannot be claimed Barack

Obama, himself, establishing multi-level head of state immunity standards for the federal

courts, depending only upon State Dept. discretion; (b) accept Executive Branch

---

[17] [W]e have never suggested that the President, *or any other official*, has an immunity that extends beyond the scope of any action taken in an official capacity. (Emphasis added) *Clinton v. Jones,* 520 U.S. at 694, 102 S.Ct. at 1644.

9

immunity-from-suit determinations in the federal courts, that are contrary to the plain meaning of *Clinton v. Jones*, without judicial review.[18]

WHEREFORE, counsel for Plaintiff prays this Honorable Court: ACCEPT the *Suggestion of Immunity* by State Department Legal Advisor Koh, insofar as it asserts non-FSIA, head of state-immunity in the federal courts under *Samantar v. Yousuf*; ACCEPT the *Suggestion of Immunity*, insofar as it conforms with the Supreme Court of the United States in *Clinton v. Jones*; and that this Honorable Court REJECT the *Suggestion of Immunity*, insofar as it supplants the role of the judiciary and would impose the improper remedy of dismissal on head of state immunity grounds, in contravention of the holding of the Supreme Court of the United States in *Clinton v. Jones* and *Samantar v. Yousuf*.

---

[18] *Permanent Mission of India to the United Nations, v. City of New York* 551 U.S. 193, 200 (2007):

> by adopting the "restrictive theory" of sovereign immunity, under which "the immunity of the sovereign is recognized with regard to sovereign or public acts *(jure imperii)* of a state, but not with respect to private acts *(jure gestionis)*." *Id.,* at 711, 96 S.Ct. 1854. In enacting the FSIA, Congress intended to codify the restrictive theory's limitation of immunity to sovereign acts. (*cites omitted*)